UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No. 8:19-CV-2602-T-02AAS

John J. Buckshaw,

Petitioner,                                         AMENDED NOTICE OF REMOVAL

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.


**FRCP Rule 5** Serving and Filing Pleadings…(3) Electronic Filing and Signing…(b) By an unrepresented person…


Filed by the Petitioner

John J. Buckshaw
P.O. Box 18704
Washington, DC 20036
(202) 621-3992
www.suas.20fr.com
suas.20fr@aol.com

**STATEMENT OF THE CASE**

The petitioner seeks relief from judgments or orders to file an amended notice of removal of criminal prosecutions for orders of this court to stay state court proceedings against refiling of a warrant for failure to appear and citation charging sleeping on a bench which was dismissed without prejudice and to vacate no trespassing notices in the Tampa Library and FedEx Offices (computer rental and photocopy establishments) where the actual controversy is that the petitioner has "a lot of stuff" and indicating vagrancy and using public places for temporary lodging in violation of the Clearwater Ordinance against camping (actually a company luggage cart with business cases, files, equipment, business and spa clothes and shoes). The foregoing caused the petitioner to be a victim of continuous invidious encroaching in the FedEx Office at night by the police which issued a no trespassing notice in bad faith because of the petitioner's companying being too small and causing a be on the look out for the petitioner over several states in Virginia, Maryland, District of Columbia, New Jersey and New York where a combination is continuing and done by deprivation of rights, abuse of process in combination with causing the petitioner to be a victim of criminal offenses in violation of disorderly conduct manifested by continuous jostling, disturbing the peace evidenced by tumultuous gestures, inaccurate observations and false reports, theft of laptop computer and $375 for bail bond in Virginia with willful intent to aid and abet the arrest warrant and citation in Florida.

## MOTION TO VACATE THE ORDERS OF THIS COURT

**AND NOW** comes the petitioner and requests that this court grant the herein motion to vacate the orders entered in this case and file the notice of removal and grant the attached proposed orders to stay state court proceedings against trespassing notices in the library and computer rental and photocopy establishments and to prohibit the refiling  of the sleeping on a bench citation and failure to appear prosecutions which were dismissed without prejudice and to delete the criminal record reports from the internet for accrual of causes of action for (a) five million dollars ($5,000,000) to compensate for invasion of privacy at the library, FedEx Offices and park bench, false arrest and abuse of process with false statements of sleeping  on a bench and defective notice to appear, (b) ten thousand dollars ($10,000) per day to compensate for unfair methods of competition done by wrongful detention from the state under duress of imprisonment by service of an unconstitutional bench warrant for failure appear for a trail and defective notion of appearance, (c) ten thousand dollars ($10,000) per day to compensate for unfair claims settlement practices and willful failure to compromise and settle the foregoing claims for damages in bad faith and vexatious dilatory multiplication of proceedings in bad faith, and (d) one million dollars ($1,000,000) statutory damages pursuant to **15 U.S.C.A. Section 1117** Recovery for violations…of **15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial activities and associations…(d) Cyber piracy...contrary to the Freedom of Information Act **5 U.S.C.A. Section 552** Public records, reports, orders and opinions…exemption from disclosure in the nature to trade and commerce…used to supervise the petitioner in bad faith without agreement, legal justification, privilege and with a duty to supervise the actors to obtain a duty to leave the petitioner alone.

**FRCP Rule 60.** Relief from a Judgment or Order

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

**Declaration of Rights**

The petitioner seeks to remove two criminal prosecutions (vagrancy types of ordinances) from the state court to the federal court,

(1) notice against trespassing in the Tampa libraries and FedEx Offices (24 hour computer rental and photocopy establishments which the petitioner used at night for typing in litigation of restraint of trade) which was issued by the Tampa police, and

(2) a citation charging sleeping on a bench which was issued by the Clearwater police.

The petitioner seeks orders to vacate and quash the no trespassing notices with prejudice to enable the petitioner's free and unimpaired access and use of the facilities  and seeks an order for pretrial dismissal of the citation charging sleeping on a bench with prejudice following dismissal in the state court without prejudice in 2019 and seeks a stay of state court proceedings against false imprisonment done by executing said notices and against refiling the citation and notice to appear for accrual of a cause of action for $15,000,000 monetary damages as a result of combination done by continuous terry stops on streets and sidewalks, jostling in said FedEx Office night done by police, deprivation of rights, threats, false imprisonment and abuse of process, inter alia…against the local and state governments which acted to aid and abet an arrest warrant in another state which was issued after failure to appear for a trail of disorderly conduct in 1995 which was also dismissed in 2019.

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No._____

John J. Buckshaw,

Petitioner,

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.

**PREACIPE TO FILE THE NOTICE OF REMOVAL WITHOUT A FILING FEE**

The removing party, John J. Buckshaw, hereby requests leave to file the accompanying notice of removal without a filing fee ($0.00) (not in forma pauperis without financial information)) and represents:

1. **28 U.S.C.A. Section 1914.** District court; Filing and miscellaneous fees; rules of court. (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $250, except on application for a writ of habeas corpus the filing fee shall be $5.

**6. Criminal removal petitions.** Filing fees are not to be collected in connection with criminal removal petitions. Lefton v. City of Hattiesburg, Miss. C.A. 5 (Miss.) 1964, 333 F.2d 280. The clerk of court shall accept defendant's "Second Notice of Removal" for filing without requiring a filing fee. Commonwealth of Pennsylvania vs. John J. Buckshaw, C.A. No. 05-5977, EDPA, Order Filed June 8, 2006 and John J. Buckshaw Agency vs. Amtrak police, et al.

**WHEREFORE,** the removing party, John J. Buckshaw, pro-se, hereby requests that the Court grant the foregoing motion and direct that the clerk file the notice of removal of defective proceedings without collecting a filing fee.

Dated: December 8, 2020

*John J. Buckshaw*

John J. Buckshaw

## ALLEGATION OF JURISDICTION

The jurisdiction of this court is founded upon **28 U.S.C.A. Section 1331** Federal questions…**28 U.S.C.A. Section 1334** Civil rights elective franchise…**28 U.S.C.A. Section 1337** Trade and commerce…**28 U.S.C.A. Section 1442** Federal officers or agencies sued or prosecuted…the plaintiff is a person pursuant **to 15 U.S.C.A. Section 44** "Corporations" and **15 U.S.C.A. Section 4** Jurisdiction of the United States District Courts and duties of the United States Attorney…to obtain relief from a combination done by deprivation of rights and abuse of process…**28 U.S.C.A. 1443** Civil rights cases…[discrimination or segregation in places of public accommodation effecting commerce where the victim can demand at any time that the proceedings be held before an United States District Court Judge for relief from invidious encroaching by the police in public places]…**28 U.S.C.A. Section 1455** Removal of criminal prosecutions…**28 U.S.C.A. Section 1927** Liability of counsel (city attorneys) for costs of vexatious dilatory multiplication of proceedings in bad faith…**42 U.S.C.A. Section 1981** Equal rights under the law…**42 U.S.C.A. section 1983** Civil action for deprivation of civil rights… **42 U.S.C.A. Section 1985** Conspiracy against civil rights…**42 U.S.C.A. Section 2000a-2000a-2** Prohibition against discrimination or segregation in places of public accommodation effecting commerce at libraries, et al…done because of the petitioner being transient and because of being an individual in business and litigation and because of doing own work and done by hostility to help the other parties by gross disorientation and failure to recognize a business executive in bad faith and not in bona fide…**42 U.S.C.A. Section 2000a-3** Civil action for injunctive relief… requiring to quash no trespassing notices and to dismiss a notice to appear and citation with prejudice and to stay state court proceedings…**28 U.S.C.A. Section 1654** Self

representation…**28 U.S.C.A. Section 2201** Creation of a remedy…**28 U.S.C.A. Rules of Criminal Procedure, Rule 1** Scope…these rules govern all cases removed from the state courts…**28 U.S.C.A. Rules of Criminal Procedure, Rule 12** Pre trail motions…

Jurisdiction is founded upon **15 U.S.C.A. Section 1-7** Monopolizing trade a felony…done by deprivation of rights, to freedom of speech and rights to freedom of assembly…rights to privacy, rights to due process of law, rights against cruel and unusual punishments, rights to status quo and against involuntary servitude and rights against loss of liberty without due process of law, abuse of process, vexatious litigation, tortuous interference with business, contracts and prospective economic gain…over several states done in combination with conduct done contrary to **15 U.S.C.A. Section 13** Discrimination or segregation in price, service and selection of customers…**15 U.S.C.A.  Section 15** Persons injured in business… **15 U.S.C.A. Section 26** Injunctive relief for private parties…**15 U.S.C.A. Section 45** Unfair methods of competition declared unlawful…manifested by unfair trade practices done by fraudulent and deceptive misrepresentations of the petitioner being a vagrant and trespasser in bad faith and not in bona fide…and unfair claims settlement practices done by willful failure to compromise and settle claims for five million dollars ($5,000,000) damages against the State of Florida which seeks to implement the Baker Act and mental health treatment in bad faith which is continuing over several states…15 U.S.C.A. Section 1116 Injunctive relief…from trade name disparagement…15 U.S.C.A. Section 1117 Recovery for violations…one million dollars ($1,000,000) statutory damages to compensate for said trade name disparagement…15 U.S.C.A. Section 1122 Liability of the United States, states and officials thereof…as result of posting the petitioner's name on the FBI National Criminal Information Network of being a fugitive from Florida in combination with bench warrants in New York, New Jersey, Maryland and Virginia…

**15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial activities and associations…(d) Cyber piracy…done by vexatious criminal record reports in the internet in bad faith and not in bona fide…contrary to  **5 U.S.C.A. Section 552** Public records, reports, orders and opinions…exempt from disclosure in the nature of trade and commerce…

Jurisdiction is founded upon the Constitution of the United States **U.S.C.A. Const. Amend. I**…freedom of speech and assembly…**U.S.C.A. Const. Amend. IV**…rights to privacy….**U.S.C.A. Const. Amend. V**…rights to due process of law…**U.S.C.A. Const. Amend. VI**…rights to the effectiveness of counsel at a bail hearing…**U.S.C.A. Const. Amend. VIII**…rights against cruel and unusual punishments…and against excessive bail…**U.S.C.A. Const. Amend. XIII**…rights to status quo of a business executive and against involuntary servitude and psychological dominance…**U.S.C.A. Const. Amend. XIV**…rights against loss of liberty without due process of law…

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY

STATE OF FLORIDA                          Case No. CTC 99 17479 MOANO

    VS.                                   Trespassing and Camping

JOHN J. BUCKSHAW,                          Municipal Ordinance Prosecution
SPN 02036978                              Sleeping on a Bench at Clearwater

**To the Judges of the United States District Court for the Middle District of Florida**

**Pursuant to West's Federal Forms, District Courts Civil, Volume 2, Sections 1000 to 1580, Section 1136. Petition for Removal of Criminal Prosecution Against Person Denied Civil Rights- Petitioner shows to this court:**

1.  Petitioner is the defendant in the above entitled prosecutions.

2.  The prosecutions are for the crimes of trespassing and sleeping on a bench, and were commenced in the County Court in and for Pinellas County, Florida, by the Tampa police which issued notices to bar and against trespassing in the library and FedEx Offices and by the filing of a notice to appear and a citation charging sleeping on a bench by the Clearwater police after invasion of privacy and false arrest in 1999 the citation was dismissed in 2019 without prejudice which prosecutions were not brought to trial.

3.  Petitioner is unable to obtain equal civil rights to contract, rights against unfair trade practices and equal civil rights to due process of law and represents as follows:

**I.     28 U.S.C.A. Section 1442** Federal officers or agencies sued or prosecuted.

(a) A…criminal prosecution commenced in a state court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

**WHEREAS,** the herein removing party is a person acting under the United States Department of Justice pursuant to **15 U.S.C.A. Section 1-7** Monopolizing trade a felony…done by deprivation of rights and abuse of process…**15 U.S.C.A. Section 4** Jurisdiction of courts and duties of the United States Attorneys…**18 U.S.C.A. Section 241** Conspiracy against rights…**18 U.S.C.A. Section 242** Deprivation of rights under color of law…**18 U.,S.C.A. Section 875** Interstate communication…**18 U.S.C.A. Section 1512** Tampering with a victim or witness…harassment to dissuade from official proceedings…false statements and confinement against state laws defining disorderly conduct and disturbing the peace…with willful intent to aid and abet unfair trade practice laws…**18 U.S.C.A. Section 1951** Interference with commerce by threats "robbery and extortion" under color of official right…

**WHEREAS,** the removing party is a person under the United States Patent and Trademark Office pursuant to **15 U.S.C.A. Section 1116** injunctive relief…**15 U.S.C.A. Section 1117** Recovery for violations…$1,000,000 statutory damages…**15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial activities and associations…(d) Cyber piracy…and vexatious criminal record reports on the internet in bad faith under the state court case information webpage contrary to **5 U.S.C.A. Section 552** Public records, reports, orders and opinions…exemption form disclosure in the nature of trade and commerce… **CJS Removal of Cases, Section 37** Antitrust matters…Actions based on; or to enforce, the federal antitrust statutes are removable, on the ground that laws of the United States are involved.

**WHEREAS**, the removing party is a person under the Federal Trade Commission, Bureau of Competition and Consumer Protection for relief from unfair methods of competition, unfair trade practices and unfair claims settlement practices…

II.      **28 U.S.C.A. Section 1443** Civil rights cases…

Any of the following…criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or can not enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

**WHEREAS,** the removing party seeks relief from denial of equal rights to contract contrary to **42 U.S.C.A. Section 1981** Equal rights…at libraries, FedEx Offices, prospective competition in the advertising business and other places…**42 U.S.C.A. Section 1985** Conspiracy against civil rights…**42 U.S.C.A. Section 2000a-3** Civil action for injunctive relief from discrimination or segregation in places of public accommodation effecting commerce done by ordinances and orders of the states court in violation of **42 U.S.C.A. Section 2000a-1**…

III.      **28 U.S.C.A. Section 1455** Procedure for removal of criminal prosecutions

(a) Notice of Removal.

A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements.—

(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

(3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

(5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

**Fed. Proc. L. Ed. Removal of Actions  D. Time for Filing**

**Cases Initially Removable, Section 69:83 Generally…** The time for filing a removal notice in a criminal prosecution is governed by **28 U.S.C.A. Section 1446(c )…** See 8 Federal Procedure, L.Ed. Criminal Procedure, Section 22:54- 22:58…

The phrase "before trail" as used in the foregoing, provision, means before proceedings for impaneling the jury…State of New Jersey v. Chesimard, 555 F.2d 63 (3rd Cir. 1977, U.S. ex rel. Walker v. Gunn, 511 F.2d 1024 (9th Cir. 1975)

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY

STATE OF FLORIDA                          Case No. CTC 99 17479 MOANO

           VS.                            Trespassing and Camping

JOHN J. BUCKSHAW,                         Municipal Ordinance Prosecution
SPN 02036978                              Sleeping on a Bench at Clearwater

## MOTION TO QUASH THE NOTICE APPEAR AND TO DISMISS THE CITATION

**AND NOW,** on this 22nd day of January, 2019, comes the defendant, John J. Buckshaw,

pro-se, and hereby requests that this court grant the herein motion to quash the notice to appear

and dismiss the citation with prejudice and represents as follows:

1. **F.S.A. Section 162.21** Enforcement of county or municipal codes or ordinances;
   penalties…(b) Prior to issuing a citation, a code enforcement officer shall provide notice to
   the person that the person has committed a violation of a code or ordinance and shall
   establish a reasonable time period within which the person must correct the violation.

2. The police issued a defective citation and defective notice to appear without the required

   notice against the falsely alleged violation of a local ordinance against sleeping on a bench

   and without taking the petitioner to booking to issue process for an out of state defendant

   which would have probably not have issued a citation upon viewing the defendant.

3. The defendant is charged in violation of Section 2238 SLEEPING IN PARK contrary to

   Section 21-21…(4) No person shall be charged under this section unless the person continues

   to engage in conduct prohibited by this section after having been: (a) Notified by a law

   enforcement officer that the conduct violates this section…

## ORDINANCE NO. 8348-12

AN ORDINANCE OF THE CITY OF CLEARWATER, FLORIDA, RELATING TO
LODGING OUT-OF-DOORS; CREATING SECTION 21.21, CLEARWATER CODE OF
ORDINANCES; PROVIDING DEFINITIONS AND PROHIBITIONS; PROVIDING AN
EFFECTIVE DATE.

**WHEREAS,** the Clearwater City Council finds that individuals who are lodging out-of-doors on publicly owned property for the purpose of establishing a temporary or permanent place of lodging or residence adversely affect aesthetics, sanitation, public health, and safety; and

**WHEREAS**, the unauthorized use of publicly owned property for lodging out-of doors when the property in question is neither intended nor designed as a camp site, campground, or site for temporary human habitation tends to impair, obstruct, and otherwise detract from the use of the property for its intended purpose; now therefore,

ARTICLE I. - IN GENERAL

Sec. 21.01. - State misdemeanor; penalty.

(1) It shall be unlawful for any person to commit within the city any act which is or shall be recognized by the laws of the state as a misdemeanor, and the commission of such acts is hereby forbidden.

(2) Whoever shall violate the provisions of this section upon conviction thereof shall be punished by a fine not exceeding the sum of $500.00, or imprisonment in jail for not exceeding 60 days or by both such fine and imprisonment in the discretion of the judge.

**WHEREAS, there was no notice against sleeping on a bench other wise the defendant would have immediately left the area.**

**Florida Rules of Criminal Procedure,  Rule 3.125. Notice to Appear**

(a)  Definition. –Unless indicated otherwise, notice to appear means a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.

**WHEREAS,** the police had jostled the defendant while sitting upright on a bench and falsely arrested the defendant and then released the defendant instead of inventorying the defendant's company luggage cart which would evidence that the plaintiff is actually a business executive and working around the clock and not homeless belongings.

(b)  By Arresting Officer. –If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county, and demand to be taken before a judge is not made, notice to appear may be issued by the arresting officer unless:

(1) the accused fails or refuses to sufficiently identify himself or herself or supply the required information;

(2) the accused refuses to sign the notice to appear;

(3) the officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to the accused or others;

(4) the accused has no ties with the jurisdiction reasonably sufficient to assure the accused's appearance or there is substantial risk that the accused will refuse to respond to the notice;

(5) the officer has any suspicion that the accused may be wanted in any jurisdiction; or

(6) it appears that the accused previously has failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.

**WHEREAS**, the police had evidence of that the accused has no ties with the jurisdiction reasonably sufficient to assure the accused's appearance or there is substantial risk that the accused will refuse to respond to the notice as the accused had presented Pennsylvania Identification.

(c)  By Booking Officer. –If the arresting officer does not issue notice to appear because of one of the exceptions listed in subdivision (b) and takes the accused to police headquarters, the booking officer may issue notice to appear if the officer determines that there is a likelihood that the accused will appear as directed, based on a reasonable investigation of the accused's:

(h)  Failure to Appear. –If a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued under rule 3.121.

**WHEREFORE**, the court is without jurisdiction without a notice against the ordinance, the citation does not state any offense with no notice and the state statute against sleeping on a bench is unconstitutional and impermissibly provides for deprivation of rights to freedom of conduct; rights to privacy; rights to due process of law where the ordinance is actually in the nature to trespassing which requires a notice to posted or communicated; rights against cruel and unusual punishments; rights to status quo; rights against involuntary servitude and rights against loss of liberty without due process of law and the defendant requests that this court quash the notice to appear and dismiss the citation with prejudice.

Dated: December 8, 2020                    _John J. Buckshaw_____

                                           John J. Buckshaw, pro-se
                                           Coast Advertising
                                           P.O. Box 18704
                                           Washington, DC 20036
                                           Tel./Fax. 800-793-4237
                                           www.coast.20fr.com
                                           advserv@outlook.com


CC: Clearwater City Manager via fax (727) 562-4052


### ORDER

Motion granted. **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the notice to appear is quashed and the citation is dismissed with prejudice, **IT IS FURTHER ORDERED** that the capias warrant is hereby lifted, recalled and set aside with prejudice.

Dated:_____            _____

                                           COUNTY COURT JUDGE

**DESCRIPTION OF THE NATURE OF THE CAUSE SOUGHT TO BE REMOVED**

The petitioner seeks to remove two criminal prosecutions from the state court to the federal court, (1) notice against trespassing in the Tampa libraries and FedEx Offices (24 hour computer rental and photocopy establishments which the petitioner used at night for typing in litigation of restraint of trade) which was issued by the Tampa police and (2) a citation charging sleeping on a bench which was issued by the Clearwater police.

The petitioner seeks orders to vacate and quash the no trespassing notices with prejudice and seeks an order for pretrial dismissal of the citation charging sleeping on a bench with prejudice after it was dismissed in the state court without prejudice and seeks a stay of state court proceedings against false imprisonment done by executing said notices and against refiling the citation and notice to appear for accrual in aid of this courts jurisdiction of a cause of action for $15,000,000 monetary damages as a result of a combination and conspiracy against rights, deprivation of rights, threats, false imprisonment, abuse of process and trade name disparagement, inter alia…against the local and state government, et al.

The petitioner seeks relief from trade name disparagement done by cyber piracy and vexatious criminal record reports on the internet of false reports of sleeping on a bench and failure to appear pursuant to **15 U.S.C.A. Section 1116** Injunctive relief…and to delete said criminal records from the internet for accrual of a cause of action for one hundred thousand dollars ($100,000) statutory pursuant to **15 U.S.C.A. Section 1117** Recovery for violations…of **15 U.S.C.A. Section 1125** False descriptions concerning trade name, commercial activities and associations…

The police continuously stopped the petitioner on streets and sidewalks after visits and use of the library because of the petitioner's working on his own projects in business and litigation with no supervisor and without being hired for any type of work any place and because of "having a lot of stuff" (luggage cart, business cases, files, typewriter, business and spa clothes) (no food and no open containers).

The local government is evidencing prosecutions because of serious disorientation in terms of not recognizing the petitioner as an individual in business with own going concerns and entitled to use of business and public accommodations with approval nor authorization other than payment as required after having obtain a direct billing account at the Hyatt in downtown Tampa and after having obtained business hotel accommodations at other hotels in Florida.

The local government became grossly disorientated and opposed to the petitioner's working around the clock in the central business districts without an office nor hotel and caught the petitioner occupying a bench at Clearwater Beach and omitted the foregoing and created false descriptions of petitioner of typically occupying benches and temporally occupying other places with no other place to go.

**WHEREAS,** by reason of the foregoing, and by reason of the Constitution and laws of the United States in respect to the removing party seeks relief from deprivation of rights to freedom of speech and relief from loss of liberty without due process in violation of **U.S.C.A. Const. Amend. I**…and in violation of **U.S.C.A. Const. Amend. V**…due process of law…**U.S.C.A. Const. Amend. VIII**…rights against cruel and unusual punishments and excessive bail…**U.S.C.A. Const. Amend. XIII**…rights to status quo and rights against involuntary servitude…with willful intent to stifle the petitioner in business and litigation and **U.S.C.A. Const. Amend. XIV**…rights against loss of liberty without due process of law…

**WHEREAS,** fact that foundation of procedural due process claim depends on questions of local rather then federal law has no significance to question of existence vel non of subject matter jurisdiction under this section. <u>Cardinale v. Washington Technical Institute, 1974, 500 F.2d 791, 163 U.S. App. D.C. 123.</u>

## 15 U.S.C.A. Section 2. Monopolizing trade a felony; penalty

Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of trade or commerce among the several states…shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000 if a corporation, or, if any other person, $350,000, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

## 385. Threat of Injury

Even though he is not currently conducting business in the market allegedly encumbered with illegal conduct, aggrieved party may retain sufficient interest to seek and obtain injunctive relief against violations of antitrust laws if he demonstrates significant threat of injury from impeding violation of antitrust laws or from contemporary violation likely to continue to occur. <u>Walker v. Providence Journal Co., C.A. 1 (R.I.) 1974, 493 F.2d 82.</u>

## 15 U.S.C.A. Section 7. "Person" or "persons" defined

The word "person", or "persons", whenever used in sections 1 to 7 of this title shall be deemed to include corporations and associations existing under or authorized by the laws of either the Unites States, the laws of any of the Territories, the laws of any State…

**WHEREAS, the plaintiff is a corporation pursuant to 15 U.S.C.A. Section 44…**

"Corporation" shall be deemed to include… any company, trust, so-called Massachusetts trust, or association, incorporated or unincorporated, without shares of capital or capital stock or certificates of interest, except partnerships, which is organized to carry on business for its own profit.

## 15 U.S.C.A. Section 13. Discrimination in price, services, or facilities

### (a) Price; selection of customers

It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate…

**15 U.S.C.A. Section 15. Suits by persons injured…**

…any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recovery three fold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee…

**15 U.S.C.A. Section 26. Injunctive relief for private parties; exception; costs**

Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United Stated having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws…[including **15 U.S.C.A. Section 13 Discrimination**…]

State and municipalities are "persons" within meaning of antitrust laws such that a state or municipality may sue or be sued for alleged violation of the federal acts. Schiessle v. Stephens, N.D. Ill. 1981, 525 F. Supp. 763.

**15 U.S.C.A. Section 1116** Injunctive relief…to delete criminal record reports from the internet…

**15 U.S.C.A. Section 1117** Recovery for violations…one million dollars $1,000,000) statutory damages…

**15 U.S.C.A. Section 1125** False descriptions…

(1) As used in this subsection, the term "any person" includes any State, instrumentality of a State or employee of a State or instrumentality of a State acting in his or her official capacity. Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this chapter in the same manner and to the same extent as any non-governmental entity.

**15 U.S.C.A. Section 1122**. Liability of the United States, Instrumentalities of States, and State Officials Waiver of Sovereign Immunity

Any State, instrumentality of a State or any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or non-governmental entity for any violation under this chapter.

(a) Remedies

In suit described in subsection (a) of this section for a violation described in that subsection, remedies (including remedies both at law and in equity) are available for the violation to the same extent as such remedies are available for such violation is a suit against any person other than a State, instrumentality of a State, or officer or employee of a State or instrumentality of a State acting in his or her official capacity. Such remedies include injunctive relief under section 1116, of this title, actual damages, profits, costs, and attorney's fees under section 1117 of this title, destruction of infringing articles under section 1118 of this title, the remedies provided for under sections 1114, 1119, 1120, 1124 and 1125 of this title, and for any other remedies provided under this chapter.

### 233. Commercial defamation claims

In essence, 1989 amendments to Lanham Act expand Act to include commercial defamation claims; amendments extend reach of Act to any false and misleading representation about nature, characteristics, ...or commercial activities. National Artists Management Co., Inc. v. Weaving, SDNY 1991, 769 F. Supp. 1224, 20

**42 U.S.C.A. Section 1981**. Equal rights under the law

**Statement of equal rights.**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…[the criminal record reports and no trespassing notices are impairing contracts]

**802. Whites, persons entitled to maintain action**

One need not belong to a racial minority to bring a claim under Civil Rights Act contractual provision. Training Institute, Inc. v. City of Chicago, N.D.Ill. 1996, 937 F. Supp. 743.

Protections afforded by Section 1981 are available to white persons. Holland v. Board of Trustees of University of District of Columbia. D.D.C. 1992, 794 F. Supp. 420.

**Color of law, persons liable**

A person's action may be "state action" under color of law under U.S.C.A. Const. Amend. 14 or this subchapter even though contrary to or in excess of authority granted under state law, or though state law is invalid. Baldwin v. Morgan, C.A. 5 (Ala.) 1958, 251 F.2d 780.

**833. State action, persons liable**

Civil Rights Act of 1991 amended Section 1981 to allow direct cause of action against state actors….who impaired federal civil rights have not been traditionally relegated to state law. Federation of African American Contractors v. City of Oakland, C.A. 9 (cal.) 1996, 96 F.3d 1204.

**14 C.J.S. Civil Rights Section 19.** State Action or Action under Color of State Law

The provisions of the Civil Rights Act which guarantees to all persons equal rights under law, has been held not to be restricted in its application to state action, but to be available against private discrimination, and this is so because the statute is based not on the Fourteenth Amendment but on the Thirteenth Amendment which does not contain the specific limitations on state sovereignty contained in the Fourteenth Amendment…

**Misuse of Legal Procedure**

Vexatious litigation which gives rise to common law tort action for misuse of legal procedure may be so egregious as to constitute a violation of the Civil Rights Act if the tort-feasor, under color of state law, subjects tort victim to deprivation of constitutional dimension. U.S.- Beken Phosphate Corp. v. Muirhead, C.A. Fla. 581, F.2d 1187

**Section 88. General Considerations**

Conduct or acts on the part of law officers which deprive a citizen of his rights, privileges, or immunities secured by the Constitution and laws of the United States are actionable under the Civil Rights Act of 1871.

**Section 95. Prosecutions…**

In accordance with the rules that an action can be maintained under the civil rights act only if the act or conduct complained of is such as to constitute deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States, various activities in connection with criminal prosecutions have been held to constitute such deprivation, U.S.- U.S. ex rel. Moore v. Koeler, C.A. N.J., 457 F.2d 892 such as falsification of a document offered into evidence against the accused, soliciting fraudulent testimony, planting false evidence on a person who was then subject to prosecution. U.S.- Morrison v. Lefevre, D.C.N.Y. 592 F. Supp. 1052, a retaliatory prosecution for exercise of a federal right, a prosecution pursuant to an unconstitutional ordinance, U.S.- Waters v. McGuriman, E.D.P.A., 656 F. Supp. 923 or where malicious prosecution of a criminal case is intervened  with acts violating civil rights that have occurred at the arrest and detention stages of the prosecution. U.S.- Pryor v. Cajda, N.D. Ill., 662 F. Supp. 1114 (arrest without probable cause, use of excessive force, fairly extensive detention).

**Defects in Indictment, Information, Complaint, Or Warrant**

The information does not state an offense and is single phrase allegation of an offense and insufficient to maintain a conviction and an arrest warrant.

**WHEREAS,** the accusatory instrument (citation) is judicially insufficient to issue an arrest warrant and the state court wrongfully failed to order an amended complaint or to dismiss sua sponte.

**56 Am Jur 2d Municipal Corp.**

**Section 329 Ordinances regulating or prohibiting activities also regulated or prohibited by state statutes; preemption…**

Under the doctrine of preemption, the key consideration is not whether the legislature and the municipality have both entered the same field but whether in doing they have clashed…

**C.J.S. Injunctions, Section 282 When injunctive relief available- Invalidity of statute or ordinance…**

…an injunction may be granted to restrain criminal proceedings based on either on an unconstitutional or otherwise invalid statute or ordinance, or on a misinterpretation of a valid law…

**42 U.S.C.A. Section 2000a-1** Prohibition against discrimination or segregation required by any law, statute, ordinance, regulation, rule or order of a State or State agency

**Notes of Decisions**

**1. Generally**

This subchapter prohibits application of state laws in a way that would deprive any person of rights guaranteed under this subchapter. Hamm v. City of Rock Hill, U.S.S.C.  1964, 85 S. Ct. 384, 379 U.S. 306, 13 L. Ed. 2d 300 rehearing denied 85 S. Ct. 698, 379 U.S. 995, 13 L. Ed. 2d 614. States K18.23

No state statute may be used to deny any citizen peaceful exercise of rights of equal accommodation guaranteed by this subchapter. Walker v. State of Ga., C.A. 5 (Ga.) 1969, 417 F.2d 5. Civil Rights K119.1

**Discrimination within subsection  Generally.**

This section applies to any acts of invidious discrimination in places of public accommodation and is not limited to discrimination on grounds of race, color, religion or national origin. Nanez v. Ritger, E.D. Wis. 1969, 304 F. Supp. 354. Civil Rights K 119.1

**42 U.S.C.A. Section 2000a-2.** Prohibition against deprivation of, interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title.

### 1. Retroactive effect

Any conviction which if obtained in state court following passage of this subchapter would be invalidated by this subchapter must be abrogated and voided completely, whether or not case is still pending, if conviction is still pending. Tolg v. Grimes, C.A. 5 (Ga.) 1966, 355 F.2d 92, certiorari denied 86 S. Ct. 1887, 384 U.S. 988, 16 L. Ed. 2d 1005. Civil rights K102.1; States K18.63

### 2. Purpose

This subchapter abrogated rule against interference by federal courts with state criminal proceedings. Dilworth v. Riner, C.A. 5 (Miss.) 1965, 343 F.2d 226. Civil Rights K262.1; Courts K508(7)

Overriding purpose of Civil Rights Act of 1964 was to remove daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to general pubic. Harless by Harless v. Darr, S.D. Ind. 1996, 937 F. Supp. 1351. Civil Rights K119.1

### Interference with right or privilege

Section 2000a of this title relating to places of public accommodation and public facilities reaches any person and any action that interferes with enjoyment of civil rights secured by it. U.S. by Katzenbach v. Original Knights of Ku Klux Klan, E.D. La. 1965, 250 F. Supp. 330. Civil Rights K102.1

There can be no coercion of any person for purpose of interfering with right to nondiscriminatory treatment in place of public accommodation. U.S. v. Clark, S.D. Ala. 1965, 249 F. Supp. 720 Civil Rights K119.1

### Punishment for exercise of right generally

Existence of right to be free from punishment for peacefully claiming right to equal public accommodation is not open to conjecture. Dilworth v. Riner, C.A. 5 (Miss.) 1965, 343 F.2d 226. Civil rights K119.1

There can be no conviction or attempt to punish defendants for exercise of right to use a public accommodation. State of Ga. V. Lindsey, N.D. Ga. 1969, 306 F. Supp. 910, supplemental 309 F. Supp. 1375. Civil rights K132.1

### 7. Protected activities- Generally

State is not at liberty to make criminal those activities which this subchapter confers as a right. <u>Wyche v. Hester, C.A. 5 (la.) 1970, 431 F.2d 791, cert. Denied 91 S. Ct. 1192, 401 U.S. 974, 28 L. Ed. 2d 323. Civil Rights K132.1</u>

### 16. Methods of asserting privilege against prosecution

Privilege against state prosecution for attempting to exercise rights secured by this subchapter may be asserted prior to state trail by removal to federal court or by waiting until after state conviction is final and then attempting to vindicate rights in federal habeas corpus proceedings to overturn the state conviction. <u>Wyche v. Hester, C.A. 5 (la.) 1970, 431 F.2d 791, certiorari denied 91 S. Ct. 1192, 401 U.S. 974, 28 L.Ed. 323. Habeas Corpus K321; Removal of Cases K70.</u>

**WHEREFORE,** the removing party hereby removes the foregoing criminal prosecutions from the state court to the federal court for pre trail dismissal of defective proceedings charging trespassing in FedEx Offices, libraries, sleeping on a bench and failure to appear with prejudice pursuant to **28 U.S.C.A. Section 1455** Removal of criminal prosecutions…and **Fed. R. Crim. P. Rule 12** Pre trail orders…dismissing defective proceedings which do not state an offense, the court is without jurisdiction and the state statute is unconstitutional. **Fed. R. Crim. P. Rule 1** Scope…these rules shall govern all proceedings removed from state courts…and enter an order to stay state court proceedings against no trespassing notices which issued in bad faith and not in bona fide and against refiling the criminal prosecution charging sleeping on a bench and failure to appear. **28 U.S.C.A. Section 2251** Stay of state court proceedings…in aid of this courts jurisdiction of causes of action for five million dollars ($5,000,000) monetary damages as a result of restraint to trade and trade name disparagement, in the interest of justice and furtherance of justice.

Dated: December 8, 2020

_John J. Buckshaw_

John J. Buckshaw
P.O. Box 18704
Washington, DC 20036
(202) 621-3992

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No._____

John J. Buckshaw,

Petitioner,

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.

### VERIFICATION

I, John J. Buckshaw, pro-se, hereby depose and say that I am the plaintiff  named in the herein notice of removal of criminal prosecutions and that I have read the foregoing and know the contents thereof; that the same is true of my knowledge, except as to those matters which are therein stated on my information and belief and as to those matters I believe to be true subject to the penalties of perjury.

Dated: December 8, 2020

_John J. Buckshaw_____

John J. Buckshaw

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No._____

John J. Buckshaw,

Petitioner,

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.

**ORDER**

**AND NOW**, upon consideration of the notice of removal, the notice is hereby granted and a writ of certiorari is hereby issued and directed to the Tampa, St. Petersburg and Clearwater police departments and County Court in and for Pinellas County, Florida, State of Florida vs. John J. Buckshaw, to bring up to this court the record in the causes from that court. **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a writ of certiorari be issued by the clerk of this court to the police departments and to  state court proceedings requiring that they transmit the record and proceedings in the herein action to this court within _____days for stay of state court proceedings **28 U.S.C.A. Section 2251** Stay of state court proceedings in aid of this courts jurisdiction of for the required injunctive relief and judgment for monetary damages…and **Fed. R. Crim. P. Rule 12** Pre trail orders for dismissal of defective proceedings with prejudice…which do not state an offense, the court is without jurisdiction and the state statute is unconstitutional.

 Dated:_____          _____J.

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No._____

John J. Buckshaw,

Petitioner,

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.

**ORDER RESTRAINING FURTHER STATE COURT PROCEEDINGS**

This cause coming on for argument, upon consideration **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that John J. Buckshaw, has duly removed to this court a combination done by deprivation of rights and abuse of process and done by a criminal prosecution with accusations of trespassing and sleeping on a bench and that the above named are hereby specifically restrained and enjoyed from prosecuting any further proceedings or taking any steps in executing no trespassing notices and in refiling the notice to appear and citation charging sleeping on a bench which were issued without due process of law after failure to appear and dismissal in the state court without prejudice. The court is without subject matter nor personal jurisdiction of John J. Buckshaw requiring orders to quash the notices with prejudice and pre dismissal of defective proceeding with prejudice for accrual of a cause of action for monetary damages to compensate for restraint of trade, inter alia. **28 U.S.C.A. Section 2251** Stay of state court proceedings…**IT IS FURTHER ORDERED** that the foregoing is a bar to any subsequent contempt proceedings and failure to appear charges.

Dated:_____                    _____J.

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION

Case No._____

John J. Buckshaw,

Petitioner,

Vs.

Clearwater Police, St. Petersburgh Police, Tampa Police, Tampa Library and FedEx Offices,

County Court, Pinellas County, Attorney General and Supreme Court of Florida,

Respondents.

**PROOF OF SERVICE**

I, John J. Buckshaw, pro-se, hereby verify that I have served a copy of the foregoing notice of removal, motion to quash the no trespassing notices in the FedEx Offices and Tampa Library and to dismiss defective proceedings charging sleeping on a bench and failure to appear with prejudice for accrual of causes of action for five million dollars ($5,000,000) damages on the respondents by electronic means via email and fax.

Dated: December 8, 2020

_John J. Buckshaw_

John J. Buckshaw